UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES FIELDS/C.C.H.I. INSURANCE SERVICES,<br><br>   Plaintiff,<br><br>   v.<br><br>STUART M HINES, et al.,<br><br>   Defendants. | Case No. 15-cv-03728-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 29 |

Since November 2013, Defendant Risk Management and Reinsurance Services, Inc. ("Risk"), a California corporation, has been represented by the law firm Clapp, Moroney, Vucinich, Beeman and Scheley ("Clapp Moroney"). Lucier Decl. ¶ 3, Dkt. No. 29-1. Clapp Moroney has now discovered that Risk is currently classified as a "suspended" corporation by the California Secretary of State. *Id.* ¶ 7. For this reason, Clapp Moroney moves for leave to withdraw as Risk's counsel. Dkt. No. 29. No opposition to Clapp Moroney's motion has been filed. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the February 4, 2016 hearing is vacated.

Pursuant to Civil Local Rule 11-5(b), counsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the consent of the client is not dispositive. *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the

case. *Id.*

Additionally, Civil Local Rule 11-4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California. Under California Rules of Professional Conduct 3-700(C)(1)(d) and (f), a lawyer may withdraw where the client "renders it unreasonably difficult for the [lawyer] to carry out the employment effectively" or "breaches an agreement or obligation to the [lawyer] as to expenses or fees."

Since Risk is a suspended corporation, it lacks the capacity to defend itself in this lawsuit. *Garvin v. Tran*, 2010 WL 2991260, at *1 (N.D. Cal. July 29, 2010) (citing *Traub Co. v. Coffee Break Service, Inc.*, 66 Cal. 2d 368, 371 (1967); *Boyle v. Lakeview Creamery Co.*, 9 Cal. 2d 16, 20 (1937); Cal. Rev. & Tax Code § 23301.5). Further, Clapp Moroney will continue to represent Defendant Stuart Hines, a Risk shareholder. Lucier Decl. ¶ 3. All parties have counsel active in their representation, and there is no evidence withdrawal will require any additional time to review or acclimate to the absence of Clapp Moroney as Risk's counsel. Therefore, Clapp Moroney's motion for leave to withdraw as counsel of record for Risk is GRANTED.[1] However, pursuant to Civil Local Rule 11-5(b), the withdrawal is subject to the condition that papers directed to Risk may continue to be served on Clapp Moroney for forwarding purposes unless and until Risk appears by other counsel.

**IT IS SO ORDERED.**

Dated: January 5, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Should Risk be reinstated, it is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.").