UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES FIELDS/C.C.H.I. INSURANCE SERVICES,<br><br>   Plaintiff,<br><br>   v.<br><br>STUART M HINES, et al.,<br><br>   Defendants. | Case No. 15-cv-03728-MEJ<br><br>**ORDER FOR SANCTIONS** |

## INTRODUCTION

After Plaintiff Les Field/C.C.H.I Insurance Services' ("Plaintiff") repeated failures to follow Court orders, meet mandatory deadlines, and oppose Defendants Stuart Hines' ("Hines") and the InterRemedy Defendants'[1] (together, "Defendants") Motions for Summary Judgment, the Court issued an Order to Show Cause ("OSC") why it should not dismiss the action for failure to prosecute and failure to comply with Court deadlines. OSC, Dkt. No. 75. Based on Plaintiff's response to the OSC, the Court ordered Plaintiff to make certain payments to the Clerk of the Court, and further ordered Plaintiff and his counsel to jointly pay to Defendants the reasonable attorneys' fees and costs they incurred in drafting and filing their response to the Court's OSC and their Replies to the Oppositions. Pl.'s Resp. to OSC, Dkt. No. 78; Order Discharging OSC at 3, Dkt. No. 79. For the reasons set forth below, the Court **ORDERS** Plaintiff to pay Defendants a total of $7,164.50 in attorneys' fees and costs.

## DISCUSSION

Under these circumstances, the Court may sanction Plaintiff and his counsel pursuant to its

---

[1] The InterRemedy Defendants are InterRemedy Insurance Services, LLC; Deborah Canadas; Joyce Sykes McGuire; and Kim Willoughby.

inherent authority and to 28 U.S.C. § 1927. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 41-42, 50 (1991); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The Court may impose sanctions under its inherent power because Plaintiff repeatedly has willfully disobeyed Court orders. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014) (citation omitted). Under § 1927, an attorney "who so multiplies the proceedings . . . unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The key term in [§ 1927] is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010). A "finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927 . . . ." *Id*. (citations omitted).

On September 8, 2016, the Court granted Plaintiff's Motion for Extension of Time to respond to Defendants' two Motions for Summary Judgment. Sept. 8, 2016 Order, Dkt. No. 16.[2] In doing so, the Court extended the deadline for Plaintiff to file his oppositions by two weeks, to September 22, 2016. *Id.* The Court also ordered Plaintiff to "carefully review his pleadings to ensure they comply with all applicable Local Rules, Standing Orders, Case Management Orders, and Prior Orders." *Id*. Plaintiff did not file his oppositions on September 22, 2016. On September 26, 2016, the Court issued the OSC. In response, Plaintiff timely responded to the OSC by filing one of the two oppositions that had been due on September 22, 2016 and informed the Court he would file the second opposition at his convenience in the next few days. *See* Pl.'s Resp. ¶ 9, Dkt. No. 78 ("Presently, I am doing the final edit and organization for filing the Response to Defendant InterRemedy's et al. Summary Judgment Motion. I plan to file on ***October 4, 2016***, but no later than October 5, 2016." (emphasis in original)). Plaintiff explained he had been unable to timely file his oppositions by the September 22 Court-ordered deadline for doing so because his client had been having numerous medical problems since November 2014, and "fell

---

[2] The Court identified the numerous Court orders Plaintiff disobeyed in its OSC, and bases this order of sanctions on Plaintiff's willful disobedience of the September 8, 2016 Order.

2

ill and was unable to focus or concentrate" on completing his declaration "during the week of September 19, 2016." *Id.* ¶ 7. While Plaintiff assured the Court he did not delay "to obtain an unfair advantage in this litigation," he fails to demonstrate that his failure to comply with the Court's Order was anything but willful. The fact his client fell ill 3 days before the extended September 22 deadline in no way explains why Plaintiff was unable to meet the deadline, request another extension based on exigent circumstances, or inform Defendants and the Court of the situation. It also fails to explain counsel's lack of professional courtesy and failure to follow Court orders and meet his Federal Rule of Civil Procedure 1 obligations.[3]

> The policy underlying the power to impose sanctions is:
>
>> the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth . . . . The courts must protect the integrity of the judicial process because, [a]s soon as the process falters . . . the people are then justified in abandoning support for the system. Sanctions are available to the district courts not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Oracle Am., Inc. v. Terix Computer Co., Inc.*, 2015 WL 2398993, at *3 (N.D. Cal. May 19, 2015) (internal citations and quotation marks omitted). These powers, however, "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. The "primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. The Court's sanction required Plaintiff and his counsel to pay the reasonable attorneys' fees and costs Defendants incurred in filing their Reply briefs to address Plaintiff's failure to obey its orders and his abuse of the judicial process. *See* Order Discharging OSC. In response, Defendants filed declarations describing the fees and costs they incurred to complete these

---

[3] In addition, Plaintiff violated the Court's order requiring him to ensure his pleadings complied with the Local Rules. In violation of Civil Local Rule 7-3(a), Plaintiff filed evidentiary objections that were not contained within his Opposition memoranda. *See* Evid. Obj. to Hines Mot., Dkt. No. 77-8; Evid. Obj. to InterRemedy Mot., Dkt. No. 80-2. As further addressed in the Court's September 8, 2016, Plaintiff's pleadings were deficient in many other ways. *See* Order re: Summ. J., Dkt. No. 92. Plaintiff also violated Local Rule 7-5(b), which requires that declarations "contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument." *Id.* at 4-7.

documents.  *See* Lucier Decl., Dkt. No. 86 (requesting $20,812.50 in fees and $86.60 in costs on behalf of Defendant Hines); Aguilar Decl., Dkt. No. 87 (requesting $11,305 in fees and $77.90 in costs on behalf of the InterRemedy Defendants).  Plaintiff objects that Defendants' requests are not reasonable.  Pl.'s Obj., Dkt. No. 88.

The Court parsed through Plaintiff's Oppositions and the materials submitted in support of it and appreciates that responding to those documents was challenging and time-consuming.  While the amount requested by Defendants is not unreasonable (especially in light of these facts), the Court finds they exceed the appropriate sanction the Court may impose in its discretion.  The Court accordingly **ORDERS** Plaintiff and his counsel to pay attorneys' fees and costs in the amounts of $3,586.60 to Defendant Hines and $3,577.90 to the InterRemedy Defendants.  Payment shall be made within 90 days of this Order.  Plaintiff shall file a proof of payment with the Court by the same date.  Failure to make these payments will incur a $100 penalty per day of non-compliance.

**IT IS SO ORDERED.**

Dated: November 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge