UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES FIELDS/C.C.H.I. INSURANCE SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>STUART M HINES, et al.,<br><br>Defendants. | Case No. 15-cv-03728-MEJ<br><br>**ORDER RE: MICHAEL NEALY MIL**<br><br>Re: Dkt. No. 106 |

After the parties and the Court discussed Defendants' concerns about opinion testimony by Michael Nealy, C.C.H.I Insurance Services' Chief Financial Officer ("CFO"), at the March 16, 2017 Case Management Conference, the Court ordered Defendants to file a motion in limine regarding the issue no later than May 1, 2017. *See* CMO at 1, Dkt. No. 104. Defendant Stuart Hines did so on April 17, 2017. Mot., Dkt. No. 106. The Motion, which Defendant filed electronically on the Court's Electronic Case Filing ("ECF") system, consists of a memorandum of points and authorities, a request for judicial notice ("RJN"), and a declaration. *See id*. Defendant also served hard copies of the Motion, Declaration, and RJN on Plaintiff Les Fields/C.C.H.I. Insurance Services' counsel. *See* Proof of Service, Dkt. No. 106-3. Instead of opposing the Motion on its merits, Plaintiff incorrectly and inexplicably argued Defendant had failed to file a Memorandum in support of his Motion and that the Court should deny the Motion for failure to comply with Civil Local Rule 7-4. *See* Opp'n, Dkt. No. 107. It appears Plaintiff did not open the link attached to the ECF Notice he received electronically or review the courtesy copy Defendant mailed to him, either of which would have made clear to him Defendant had filed the Memorandum, to which he attached as exhibits the Declaration, RJN, and proof of service. Defendant's Motion complies with all applicable rules, including Civil Local Rule 7-4. Plaintiff's

Opposition violates both Federal Rules of Civil Procedure 1 and 11(b), and the Court ORDERS Plaintiff's counsel to file a declaration no later than May 15, 2017 explaining whether he reviewed the documents Defendant e-filed and served and why his Opposition was not made in bad faith.

In addition to the lack of substantive opposition, the Court has reviewed Motion and finds it well taken. Plaintiff seeks to offer Nealy to testify about funds that were improperly withdrawn from bank accounts owned by Defendant RISK, which Plaintiff contends Defendant Stuart misappropriated. Because Plaintiff did not disclose Nealy as an expert witness, Plaintiff may not offer expert testimony by him at trial. *See* Fed. R. Civ. P. 37(c)(1). Nealy also will be precluded from offering any opinion testimony and will be limited to offering testimony that is "rationally based on [his] perception" (Fed. R. Evid. 701), and thus will not be allowed to testify about the reports he created to document the allegedly missing funds. Nealy testified at his deposition that he did not review the RISK bank accounts after February 2011 and admitted it "seems odd that the [CFO] wouldn't look at the account for almost three years." Nealy Dep. at 277:3-280:8, Dkt. No. 106-2. He testified he created the reports after Plaintiff filed this lawsuit and obtained the RISK bank records by subpoena. *Id*. at 151:14-155:20, 280:16-21, 285:3-23. Nealy thus did not, as part of his job responsibilities, oversee the RISK account during the period of time the reports purport to describe, and did not prepare the reports as part of his regular responsibilities. On the contrary, Defendant has established Nealy prepared the reports in connection with this litigation and did not even discover the existence of the second "secret" RISK account until after the lawsuit was filed. *Id*. at 142:3-21, 143:8-148:9, 277:3-280:8. He also admitted in his deposition that some of the information he included in the report is based on assumptions—not personal knowledge. *Id*. at 283:12-284:13 ("I said 'perhaps'"), 291:18-22 (attributed $25,000 in his report documenting missing funds to Defendant even though "no information [was] available" connecting amount with Defendant).

As he failed to oppose the Motion, Plaintiff has not established Nealy has personal knowledge about the two RISK accounts and the funds flowing through them, or that the reports are based on a combination of his personal observations and specialized knowledge obtained through his vocation. But Rule 701 "ensures that a party will not evade the expert witness

disclosure requirements . . . by simply calling an expert witness in the guise of a lay person." Fed. R. Evid. 701 Adv. Comm. Note (2000). The Court finds that is precisely what Plaintiff is attempting to accomplish through Nealy's testimony about the reports he created from records subpoenaed after Plaintiff filed suit. Nealy may not offer lay testimony about funds "missing" from two accounts about which he has admitted he did not have "particularized knowledge" "by virtue of his . . . position in" the business. *See id.*; *see also Pacific Coast Fed. of Fishermen's Ass'n v. Murillo*, 2016 WL 6648731, at 2-3 (E.D. Cal. Sept. 2, 2016) ("[L]ay witnesses employ a process of reasoning familiar in everyday life, and provide opinions drawn from a series of personal observations over time. . . . Additionally, lay witnesses may offer opinions based on a combination of their personal observations and specialized knowledge obtained through their vocation." (internal quotation marks and citations omitted)); *FiTeq INC v. Venture Corp.*, 2016 WL 693256, at *3-7 (N.D. Cal. Feb. 22, 2016) (excluding lay opinion about lost profits and valuation by business owners because they lacked particularized knowledge and experience to testify about a product that had never been sold, even though they had particularized knowledge and general experience with their business); *Gallagher v. Holt*, 2012 WL 3205175, at *13-14 (E.D. Cal. Aug. 3, 2012) (citing cases holding that a forensic accountant is an expert witness, not a lay witness, and excluding testimony because defendant failed to disclose witness as expert).

Defendant's Motion in Limine to Exclude Lay Opinion Testimony by Michael Nealy is GRANTED.

**IT IS SO ORDERED.**

Dated: May 10, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3